**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MATTHEW A. POPE,

        Plaintiff,

v.

        CASE NO. 2:12-cv-13253

COMMISSIONER OF SOCIAL
SECURITY,

        HON. MARIANNE O. BATTANI

        Defendant.
_____/

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING THE CASE FOR FURTHER PROCEEDINGS**

    This matter is before the Court on Defendant Commissioner of Social Security's Objections to the Magistrate Judge's Report and Recommendation ("R&R"). (Doc. 17). Plaintiff Matthew Pope applied for disability and disability insurance benefits on March 17, 2010. Defendant denied the application. Subsequently, Pope appeared before an Administrative Law Judge ("ALJ") who also found him not disabled. The Appeals Council denied further review.

    Pope filed the instant action in district court for judicial review of the Commissioner's denial of benefits. The case was referred to Magistrate Judge Mark Randon pursuant to 28 U.S.C. § 636(b). Upon cross-motions for summary judgment, the Magistrate Judge issued a Report and Recommendation ("R&R") to remand the case for further proceedings because the ALJ failed to follow the "treating source rule." For the reasons that follow, the Court **ADOPTS** the Magistrate Judge's Report and

Recommendation, **GRANTS** Plaintiff's Motion for Summary Judgment, **DENIES** Defendant's motion for Summary Judgment, and **REMANDS** the case for further proceedings consistent with this opinion.

## I. STATEMENT OF FACTS

As the parties have not objected to the Magistrate Judge's recitation of the administrative record, the Court adopts that portion of the R&R as if fully set forth herein. See (Doc. 16 at 4-8).

## II. STANDARD OF REVIEW

### A. Objections to Magistrate Judge's Report and Recommendation

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

### B. Commissioner's Disability Determination

Judicial review of the Commissioner's disability decision is limited to determining whether the findings are supported by substantial evidence and whether the Commissioner employed proper legal standards in reaching his conclusion. Brainard v.

Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of HHS, 987 F.2d 1230, 1233 (6th Cir. 1993); Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009). Consequently, the standard of review is deferential and allows considerable latitude to administrative decisionmakers because it presupposes there is a "zone of choice" within which the decisionmakers can find either way, without interference by the courts. Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994); Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).

When determining whether substantial evidence supports the Commissioner's decision, the reviewing court must take into consideration the entire record, including "whatever in the record fairly detracts from its weight." Id. When the Appeals Council declines to review the Administrative Law Judge's ("ALJ") decision, the court's review is limited to the record and evidence before the ALJ. Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993). The court may look at any evidence in the administrative record, even if it has not been cited by the ALJ. Walker v. Sec'y of HHS, 884 F.2d 241, 245 (6th Cir. 1989). There is no requirement, however, that the reviewing court discuss every piece of evidence in the record. Kornecky v. Comm'r of Soc. Sec., 167 F.App'x. 496, 508 (6th Cir. 2006). Moreover, the court may not conduct a *de novo* review of the evidence, determine credibility, or weigh the evidence. Brainard, 889 F.2d at 681. The court's role is limited to a search for substantial evidence, that which is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable

3

mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007).

## III. ANALYSIS

Defendant claims the Magistrate Judge erroneously found that the ALJ failed to follow the "treating source rule." Specifically, the Magistrate Judge determined the ALJ failed to adequately explain why she afforded little weight to Dr. Anne Tadeo's opinion, and alternatively, failed to explain how much weight she afforded the opinion using the relevant factors. Regardless, Defendant asserts this misstep is harmless error.

### A. Treating Source Rule

"Generally, treating physicians' opinions are given substantial, if not controlling deference" if it is supported by substantial evidence in the record. Pethers v. Comm'r of Soc. Sec., 580 F. Supp. 2d 572, 577-78 (W.D. Mich. 2008) (internal quotations omitted). In the event the Commissioner declines to give controlling weight to a treating physician's opinion, the "treating source rule" requires the Commissioner to provide "good reasons" for discounting the opinion. Id. at 578; see also 20 C.F.R. § 404.1527(c)(2)). From there, the Commissioner must determine the applicable weight by applying the factors listed in 20 C.F.R. § 404.1527(c). These include the "length of the treatment relationship, frequency of examination, the nature and extent of the treatment relationship, . . . supportability of medical evidence, . . . the treating physician's specialization in a relevant field of practice, and other factors." Id. (internal citations omitted).

In the instant case, Dr. Tadeo submitted medical evidence regarding Pope's mental health. Pope treated with Dr. Tadeo from March 17, 2011until July 2011. In a

Mental Impairment Questionnaire dated July 7, 2011, she noted that Pope suffered from ADHD, bipolar disorder, poor memory, sleep disturbance, mood disturbance, emotional liability, feelings of guilt/worthlessness, difficulty thinking or concentrating, social withdrawal or isolation, and hostility and irritability. (A.R. 472). Based on these symptoms, she concluded that Pope would miss work more than three times per month. (A.R. 474). In addition, she found that Pope experienced three episodes of decompensation per year, each lasting at least two weeks. (A.R. 475). The record also contains several pages of progress notes from Kristen Kolberg, the psychotherapist who treated Pope from January 2011 to July 2011. These notes generally detail Pope's reports of anger, irritability, poor sleep, suicidal thoughts, and problems with medications. See (A.R. 394-403, 478).

In her decision, the ALJ afforded little weight to the opinion of Dr. Tadeo, stating "[t]he undersigned found Dr. Tadeo's conclusions and resultant opinions inconsistent with her treatment records." (A.R. 20). The ALJ also concluded that Dr. Tadeo was unfamiliar with the term "episodes of decompensation" as used in the applicable Social Security regulations because there is no evidence that Pope "experienced even one episode of decompensation, as it is defined within this process." (Id.)

The Court agrees with the Magistrate Judge that the ALJ failed to provide sufficient explanation for discounting the opinion of Dr. Tadeo. In doing so, she failed to cite any inconsistencies between the Mental Impairment Questionnaire and the treatment notes. In fact, the notes reinforce Dr. Tadeo's opinion regarding Pope's mental health. The ALJ should have provided more detailed explanation regarding why Dr. Tadeo's opinion was given little weight. In addition, the ALJ should have provided

an analysis of the relevant factors within 20 C.F.R. § 404.1527(c) detailing how much weight the opinion is entitled. See Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 243 (6th Cir. 2007) (noting that "a failure to follow the procedural requirement of identifying reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified"). Here, even if the ALJ's conclusion is ultimately justified, proper procedure must be followed. For this reason, the decision of the Commissioner is not supported by substantial evidence.

### B. Harmless Error

Nonetheless, Defendant argues that the ALJ's failure to provide "good reasons" is harmless error because the goal of the regulations was achieved. In Wilson v. Commissioner of Social Security, 378 F.3d 541, 547 (6th Cir. 2004), the Sixth Circuit held that the harmless error rule generally does not apply to § 1527(c)(2) because it provides "an important procedural safeguard for claimants for disability benefits." However, the harmless error rule does apply if "(1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of § 1527(c)(2) . . . even though she has not complied with the terms of the regulation." Cole v. Astrue, 661 F.3d 931, 940 (6th Cir. 2011) (quoting Friend v. Comm'r of Soc. Sec., 375 F. App'x 543, 551 (6th Cir. 2010) (internal quotations and citations omitted)).

The goal of § 1527(c)(2) is to provide the reviewing court with a clear understanding of the ALJ's decision to discount a treating source opinion. See Cole,

6

661 F.3d at 940 (noting that the goal of the regulation was not met "because the ALJ's decision leaves this Court without a clear understanding of why the ALJ [discounted a treating source opinion]").  Here, the ALJ stated that she discredited the opinion because of its inconsistency with the treatment notes.  However, the ALJ failed to point out any inconsistencies in the record.  In addition, the Magistrate Judge concluded, and the Court agrees, that the treatment notes are generally consistent with Dr. Tadeo's opinion that Pope's mental health problems will cause him to miss work.  Thus, it is unknown why the ALJ discounted Dr. Tadeo's opinion and the goal of § 1527(c)(2) has not been met.  As previously stated, the ALJ's failure to follow the Social Security Administration's procedural rules is not harmless error and renders the decision unsupported by substantial evidence.  See Wilson, 378 F.3d at 546 (allowing "non-compliance with [§ 1527(c)(2)], would afford the Commissioner the ability [to] violate the regulation with impunity and render the protections promised therein illusory").

## IV.  CONCLUSION

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, **GRANTS** Plaintiff's Motion for Summary Judgment, **DENIES** Defendant's motion for Summary Judgment, and **REMANDS** the case for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

s/Marianne O. Battani  
MARIANNE O. BATTANI  
UNITED STATES DISTRICT JUDGE

DATE:  August 13, 2013

7

## CERTIFICATE OF SERVICE

    I hereby certify that on the above date a copy of this Opinion and Order was Served upon all parties of record via the Court's ECF Filing System.

                                        s/Bernadette M. Thebolt
                                        Case Manager